IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                          ORDER

        v.                                01-CR-97-C-01

RYAN P. ROCHESTER,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Ryan P. Rochester's supervised release was held on May 21, 2008, before United States District Judge Barbara B. Crabb. The government appeared by Laura Przybylinski-Finn, Assistant United States Attorney. Defendant was present in person and by counsel, Kelly Welsh. Also present was Senior United States Probation Officer William T. Badger, Jr.

From defendant's stipulations, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on January 28, 2002, following his conviction for possession with intent to distribute a substance containing 3,4 - methylenedioxymethamphetamine (MDMA), in violation of 21 U.S.C. § 841(a)(1). This offense is a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 63 months, with a 36-month term of supervised release to

follow.

Defendant began his term of supervised release on June 12, 2006. In March 2008, he violated Special Condition No. 2 of his supervised release, requiring him to abstain from the use of alcohol and illegal drugs, and Standard Condition No. 7, prohibiting him from possessing, using, distributing or administering any narcotic, when he tried to submit another individual's urine sample utilizing the Whizzinator. On March 14, 2008, he admitted that he had been smoking marijuana daily since March 1, 2008 and that he had used the Whizzinator on an earlier occasion to pass a drug test.

Defendant's conduct falls into the category of a Grade B violation. Section 7B1.3(a)(1) of the advisory guidelines provides that the court shall revoke supervision upon a finding of a Grade B violation.

## CONCLUSIONS

Defendant's violations require revocation. Accordingly, the 36-month term of supervised release imposed on defendant on January 28, 2002, will be revoked.

Defendant's criminal history category is II. With a Grade B violation and a criminal history category of II, defendant has an advisory guideline term of imprisonment of 6 to12 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which a defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence below the guideline range. The intent of this sentence is to hold defendant accountable for his violations, to give him another opportunity for drug treatment and to permit him to continue his education.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on January 28, 2002, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of one day, with time served for defendant's appearance today. A twelve-month term of supervised release shall follow. All standard and special conditions of supervised release previously imposed shall remain in effect, with the addition of Special Condition No. 5, directing that, upon the first available opening, defendant shall reside at a federally approved residential reentry center, specifically the Fahrman Center, Eau Claire, Wisconsin, for a period of up to 120 days. Defendant may be absent from the center for employment purposes and for passes consistent with program rules. Defendant will be required to pay 25 percent of his gross earnings as per diem as well as pay all medical expenses. Early discharge from the facility is contingent upon the approval of both the facility administrator and the supervising U.S. probation officer. Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 21st day of May 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
Chief District Judge

4