IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                 Plaintiff,                        ORDER

       v.                               01-CR-97-C-01

RYAN P. ROCHESTER

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Ryan P. Rochester's supervised release was held on May 12, 2009, before United States District Judge Barbara B. Crabb.  The government appeared by Laura Przybylinski-Finn, Assistant United States Attorney.  Defendant was present in person and by counsel, Michael J. Lieberman.  Also present was United States Probation Officer Traci L. Jacobs.

From defendant's stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on January 28, 2002, following his conviction for possession with intent to distribute a substance containing 3,4 - methylenedioxymethamphetamine (MDMA),  in violation of 21 U.S.C. § 841(a)(1).  This offense is a Class C felony.  He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 63 months, with a 36-month term of supervised release to

follow.

Defendant's initial term of supervised release was revoked on May 21, 2008, because he was continuing to use marijuana and engaging in drug testing subterfuge. He was sentenced to one day of imprisonment, with credit for his court appearance, with a 12-month term of supervised release to follow.

Defendant's second term of supervised release began on May 21, 2008. Defendant violated the statutory condition of his supervision prohibiting him from committing another federal, state or local crime by distributing marijuana and directing others in distributing marijuana from May 21, 2008 through November 18, 2008.

Defendant's conduct falls into the category of a Grade A violation. Section 7B1.3(a)(1) of the advisory guidelines provides that the court shall revoke supervision upon a finding of a Grade A violation.

## CONCLUSIONS

Defendant's violation requires revocation. Accordingly, the 12-month term of supervised release imposed on defendant on May 21, 2008, will be revoked.

Defendant's criminal history category is II. With a Grade A violation and a criminal history category of II, defendant has an advisory guideline term of imprisonment of 15 to 21 months. Under 18 U.S.C. SS 3583(e)(3), the statutory maximum to which defendant can be sentenced upon revocation is 24 months, less one day, because his original offense was a Class C felony and defendant has served a one-day revocation sentence.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence above the guideline range. The intent of this sentence is to protect the public from defendant's criminal behavior, hold him accountable for his actions and achieve parity with the sentences of similarly situated offenders.

## ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on May 21, 2008, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 23 months. This term shall be run partially consecutively to the term of imprisonment imposed in case no. 09-cr-32-bbc. Twelve months are to run concurrently with the sentence in case no. 09-cr-32-bbc. No term of supervised release shall follow. Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 13th day of May 2009.

BY THE COURT:

Barbara B. Crabb

BARBARA B. CRABB
Chief District Judge

3